IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARNELL MEANS, )
)
    Plaintiff, )
)
v. )        Case No. 24-cv-1542-RJD
)
)
PERCY MYERS, *et al.*, )
)
    Defendants. )

## ORDER

**DALY, Magistrate Judge:**[1]

This matter is now before the Court on the Motion for Reconsideration filed by Plaintiff Darnell Means. (Doc. 38). Plaintiff seeks reconsideration of the Court's Order granting Defendants summary judgment and dismissing this case without prejudice for failure to exhaust administrative remedies (Doc. 31). Plaintiff argues he did not conduct sufficient research and did not adequately prepare prior to the evidentiary hearing on the motion for summary judgment that was held on June 10, 2025. (Doc. 30). He does not specify under which rule he brings the motion.

Motions challenging a district court's entry of a final order are treated under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby,* 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). Rule 59 allows for reconsideration of a final order if the motion is filed within 28 days from the entry of

---

[1] This matter has been assigned to the undersigned to conduct all proceedings, including the trial and final entry of judgment, through the parties' consent pursuant to 28 U.S.C § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 21).

the judgment. Fed. R. Civ. P. 59(e). Here, Plaintiff's motion was filed on December 12, 2025, several months following the entry of judgment on June 13, 2025. (Docs. 32 & 28). Thus, Plaintiff is not entitled to relief under Rule 59(e).

Further, Plaintiff is not entitled to relief under Rule 60(b). Relevant to this case, Rule 60(b)(1) allows the court to relieve a party from an order due to "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(6) covers "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1) & (6). Generally, "inattentiveness to litigation is not excusable, no matter what the resulting consequences . . . ." *See Easley v. Kirmsee,* 382 F.3d 693, 698 (7th Cir. 2004); *see also McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) ("neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)"). Relief under Rule 60(b)(6) is even more demanding and is reserved only when the party shows "extraordinary circumstances." *Pioneer Inv. Serv. Co. v. Brunswick Assocs.,* 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). "Pro se litigants do not enjoy 'unbridled license to disregard clearly communicated court orders' and are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *De Falco v. Oak Lawn Pub. Libr.*, 25 Fed. App'x 455, 457 (7th Cir. 2001) (citing *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996)).

Here, Plaintiff's failure to prepare in advance of the evidentiary hearing does not justify relief under either Rule 60(b)(1) or Rule 60(b)(6). The Motion for Summary Judgment was filed on January 7, 2025, and a Rule 56 Notice was sent to the Plaintiff on that date. (Docs. 26, 28). On May 22, 2025, the Court entered an Order setting the motion for an evidentiary hearing on June 10, 2025. (Doc. 29). At the hearing, Plaintiff did not dispute receiving notice of the hearing.

Plaintiff had received advanced notice and had ample time to prepare for the hearing. In any case, Plaintiff does not explain how any additional preparation would have precluded the entry of summary judgment in Defendants' favor. Thus, Plaintiff's motion fails under Rule 60(b).

### Conclusion

For these reasons, Plaintiff Darnell Means' Motion for Reconsideration (Doc. 38) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 18, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**